IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

THERESA GOOD,            )
                         )
        Plaintiff,       )
                         )
   v.                    )          CIVIL ACTION NO.: CV505-075
                         )
JO ANNE B. BARNHART,     )
Commissioner of Social Security, )
                         )
        Defendant.       )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff contests the decision of Administrative Law Judge J. Richard Stables ("the ALJ" or "ALJ Stables") denying her claim for Disability Insurance Benefits and Supplemental Security Income payments. Plaintiff urges the Court to reverse the ALJ's decision and enter an award finding Plaintiff disabled, or, in the alternative, to remand this case for a proper determination of the evidence. Defendant asserts that the Commissioner's decision is supported by substantial evidence and should be affirmed.

Plaintiff filed an application for Disability Insurance Benefits and Supplemental Security Income payments on September 2, 2003, alleging that she became disabled on June 15, 2003, due to asthma, mitral valve prolapse, breathing disrupting sleep, tiredness with exercise, fatigue, swelling, constant sickness and pain, tingling in hands and feet, difficulty thinking clearly, foggy feelings, nausea, dizziness, drowsiness, and chest pain. (Tr. at 14-15). After her claim was denied initially and upon reconsideration, Plaintiff filed a timely request for a hearing. On March 8, 2005, ALJ Stables held a hearing at which Plaintiff testified and was represented by counsel. (Tr. at 14). ALJ Stables found that

AO 72A
(Rev. 8/82)

Plaintiff was not disabled within the meaning of the Social Security Act ("the Act"). (Tr. at 14). The Appeals Council denied Plaintiff's request for review of the ALJ's decision, and the decision of the ALJ became the final decision of the Commissioner for judicial review. (Tr. at 5).

Plaintiff, born on March 5, 1962, was forty-three (43) years old when ALJ Stables issued his decision. She has a high school education. (Tr. at 14). Her past relevant work experience includes employment as a laborer, a restaurant manager, and a hostess/waitress. (Id.).

## ALJ'S FINDINGS

Pursuant to the Act, the Commissioner has established a five-step process to determine whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920; Bowen v. Yuckert, 482 U.S. 137, 140, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987). The first step determines whether the claimant is engaged in "substantial gainful activity." Yuckert, 482 U.S. at 140, 107 S. Ct. at 2287. If the claimant is engaged in substantial gainful activity, then benefits are immediately denied. Id. If the claimant is not engaged in such activity, then the second inquiry is whether the claimant has a medically severe impairment or combination of impairments. Yuckert, 482 U.S. at 140-141, 107 S. Ct. at 2291. If the claimant's impairment or combination of impairments is severe, then the evaluation proceeds to step three. The third step requires a determination of whether the claimant's impairment meets or equals one of the impairments listed in the Code of Federal Regulations and acknowledged by the Commissioner as sufficiently severe to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. Pt. 404, Subpt. P. App. 1; Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004). If the

AO 72A
(Rev. 8/82)

impairment meets or equals one of the listed impairments, the plaintiff is presumed disabled. Yuckert, 482 U.S. at 141, 107 S. Ct. at 2291. If the impairment does not meet or equal one of the listed impairments, the sequential evaluation proceeds to the fourth step to determine if the impairment precludes the claimant from performing past relevant work. Id. If the claimant is unable to perform her past relevant work, the final step of the evaluation process determines whether she is able to make adjustments to other work in the national economy, considering her age, education, and work experience. Phillips, 357 F.3d at 1239. Disability benefits will be awarded only if the claimant is unable to perform other work. Yuckert, 482 U.S. at 142, 107 S. Ct. at 2291.

In the instant case, the ALJ followed this sequential process to determine that, after the alleged onset date of June 15, 2003, there was no indication that Plaintiff engaged in substantial gainful activity. (Tr. at 20). At step two, the ALJ found that Plaintiff has asthma, fibromyalgia, mitral valve prolapse, and obesity, impairments that are "severe" under the Act. (Tr. at 20). However, the ALJ concluded that Plaintiff's medically determinable impairments did not meet or medically equal listed impairments. (Id.). At the next step, the ALJ found that Plaintiff retained the residual functional capacity to perform a full range of light work, including the capacity to lift and/or carry 20 pounds occasionally and 10 pounds frequently, and to stand/walk up to 6 hours a day and sit without restriction. (Tr. at 20-21). ALJ Stables concluded at the fourth step of the sequential evaluation process that Plaintiff does not retain the capacity to perform any of her past relevant work. (Tr. at 21). Finally, the ALJ concluded that because Plaintiff retains the exertional capacity to perform substantially all of the requirements of light work, and considering Plaintiff's age, education, and work experience, there are a significant number of jobs in the national

3

economy which Plaintiff is able to perform. (Tr. at 19). Accordingly, ALJ Stables determined that Plaintiff was not disabled within the meaning of the Act.

## ISSUE PRESENTED

Plaintiff contends that the ALJ improperly discounted the opinions of Plaintiff's treating physician, and that therefore the findings were not supported by substantial evidence. (Doc. No. 24, p. 9). Plaintiff further contends that the ALJ should have ordered a consultative physical examination to supplement the record. (Doc. No. 24, p. 11).

## STANDARD OF REVIEW

It is well-established that judicial review of social security cases is limited to questions of whether the Commissioner's factual findings are supported by "substantial evidence," and whether the Commissioner has applied appropriate legal standards. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). A reviewing court does not "decide facts anew, reweigh the evidence or substitute" its judgment for that of the Commissioner. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). Even if the evidence preponderates against the Commissioner's factual findings, the court must affirm a decision supported by substantial evidence. Id.

However, substantial evidence must do more than create a suspicion of the existence of the fact to be proved. The evidence relied upon must be relevant evidence which a reasonable mind would find adequate to support a conclusion. Walden v. Schweiker, 672 F.2d 835, 838-39 (11th Cir. 1982). The substantial evidence standard requires more than a scintilla but less than a preponderance of evidence. Dyer, 395 F.3d at 1210. In its review, the court must also determine whether the ALJ or Commissioner

4

applied appropriate legal standards. Failure to delineate and apply the appropriate standards mandates that the findings be vacated and remanded for clarification. Cornelius, 936 F.2d at 1146.

## DISCUSSION AND CITATION TO AUTHORITY

I. **The ALJ Had Good Cause to Discount the Opinion of Plaintiff's Treating Physician**

Plaintiff contends that ALJ Stables erred in discounting the opinion of Dr. Roberto Garcia, Plaintiff's treating physician. Plaintiff alleges that the ALJ improperly rejected Dr. Garcia's physical capacities evaluation. Plaintiff further alleges that the ALJ failed to give proper credit to Dr. Garcia's finding that Plaintiff could only stand and walk for two hours per day.

A treating physician's opinion is entitled to substantial weight unless good cause not to do so exists. Edwards v. Sullivan, 937 F.2d 580, 583 (11th Cir. 1991); Jones v. Bowen, 810 F.2d 1001, 1005 (11th Cir. 1986). There is good cause when the medical opinion is conclusory, unsupported by objective medical findings, or not supported by evidence from the record. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997); Edwards, 580 F.2d at 583. When the ALJ rejects the opinion of the treating physician, he must specify that he is doing so and must articulate a reason for not giving the opinion weight. MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986). The ALJ is required to "state with particularity the weight he gave different medical opinions and the reasons therefor." Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir. 1987).

In concluding that Plaintiff is not disabled, the ALJ reviewed the medical evidence of record. Here, good cause did exist to justify the ALJ's decision not to rely on Dr.

Garcia's findings. The ALJ specifically rejected Dr. Garcia's opinion and explained that his conclusion that Plaintiff is disabled contradicted the objective medical evidence. (Tr. at 16). Specifically, the ALJ found that Dr. Garcia's opinions regarding Plaintiff's alleged disabilities were contraindicated by his finding that her fibromyalgia and pain "responded well to Elavil" and the fact that he advised here to "restart her exercise program, including swimming." (Tr. at 16, 218). Furthermore, the ALJ observed that Dr. Garcia recommended that Plaintiff walk a half hour each day, a course of treatment the ALJ determined would not be recommended for a patient with disabling impairments. (Tr. at 16). The ALJ also noted that there was "no acute cardiopulmonary disease" found in a chest x-ray taken at Satilla Regional Medical Center. (Tr. at 16, 232). Finally, ALJ Stables noted several occasions on which Plaintiff's fibromyalgia was described as "stable" and "doing well." (Tr. at 16). The ALJ is to use the medical sources' opinions in making the determination as to disability, and in this case, the ALJ properly rejected this particular medical source in making that determination. In sum, ALJ Stables had "good cause" not to give Dr. Garcia's opinion "substantial weight." See Edwards, 937 F.2d 538.

## II. The ALJ Did Not Err in Failing to Order a Consultative Evaluation

Plaintiff alleges that in light of the decision to discount Dr. Garcia's opinion, the ALJ should have ordered a consultative evaluation of Plaintiff in order to make an informed decision. It is true that the ALJ has a duty to develop the record fully and fairly, Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997), and is required to order a consultative examination where necessary to make an informed decision. Reeves v. Heckler, 734 F.2d 519, 522 n.1 (11th Cir. 1984). However, an ALJ is not required to order such an

independent evaluation where the record is sufficient in and of itself and additional expert testimony is unnecessary. Wind v. Barnhart, 133 Fed. Appx. 684, 693 (11th Cir. 2005).

In this case, the Plaintiff fails to show why an independent physical evaluation was necessary to fully develop the record with regard to Plaintiff's alleged impairments. There was substantial evidence in the record to allow the ALJ to make an informed decision. There were numerous medical reports from physicians spanning an almost three-year period. There were results in the record from medical tests conducted. There were disability reports and questionnaires completed by Plaintiff. What is more, there was a hearing conducted during which Plaintiff was questioned by the ALJ. The record contained substantial evidence to support the ALJ's decision. Therefore, the ALJ did not err in failing to send Plaintiff for a consultative examination.

## CONCLUSION

Based on the foregoing reasons, it is my **RECOMMENDATION** that the decision of the Commissioner be **AFFIRMED**.

So **REPORTED** and **RECOMMENDED**, this 31st day of October, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE